COMMONWEALTH *vs.* JULIUS KINGMAN.

The omission to state in the record that the defendant was arraigned upon a complaint made to a police court is no ground of arresting judgment after conviction in the superior court on appeal.

UPON a complaint on *St.* 1855, *c.* 215, § 17, for being a common seller of intoxicating liquors, the defendant was convicted in the police court of New Bedford, the record of which, after reciting the complaint, and that the defendant was brought before the court by virtue of a warrant issued thereon, proceeded as follows: " And after due course and process of law had by said court in the premises, the said Kingman hath been duly adjudged by said court guilty of the offence alleged against him in said complaint; for which offence it is therefore considered and ordered by the said court," &c.

The defendant appealed to the superior court, and after being tried and found guilty at December term 1859 in Bristol, moved in arrest of judgment, because it did not appear by the record of the police court that he had been there arraigned. *Russell*, J. overruled the motion, and the defendant appealed to this court.

*F. F. Heard*, for the defendant, cited 1 Stark. Crim. Pl. (2d ed.) 307; *Anon.* 3 Mod. 265; *Ellenwood* v. *Commonwealth*, 10 Met. 222.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

METCALF, J. This motion in arrest of judgment cannot be granted. The complaint on which the defendant has been convicted is in proper form, and the police court had jurisdiction of

the offence therein charged, and also of his person. There is no suggestion that there was any error or irregularity in his trial on his appeal in the superior court. The motion is made solely on the ground that the record of the police court, which was transmitted to the superior court, does not show that the defendant was arraigned in the police court. But if the defendant was, in fact, irregularly or wrongly tried in the police court, (which the record does not show affirmatively,) his appeal vacated the proceedings there, and he went into the appellate court with every right which he would have had if there had been no previous trial. The purpose of an appeal is to correct all which the appellant deems wrong in the proceedings of the court appealed from. *Commonwealth* v. *O'Neil*, 6 Gray, 343. If his trial was not according to law in the court below, he has had a trial in the appellate court, to which no objection is made, except the alleged irregularity of his first trial.

*Motion in arrest overruled.*